IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA; NEBRASKA DEPARTMENT OF CORRECTIONS; RUSSELL VANLENGEN; KEVIN KLIPPERT, UM; KURT WEES, Unit Admin.; and OMAHA CORRECTION CENTER MEDICAL CLINIC,<br><br>Defendants. | **8:22CV151**<br><br>**MEMORANDUM AND ORDER** |

      On September 7, 2022, the court gave Plaintiff 30 days to file an amended complaint that sets forth a viable claim. (Filing 11.) Thereafter, the court granted Plaintiff's "Motion for Extension on Continuance" (Filing 13), giving Plaintiff an additional 90 days—or until December 15, 2022—to file an amended complaint due to restrictive law-library procedures at his institution. (Filing 14.) Because the "library use restriction has gotten even worse" and because "[t]here are and have been weeks the Plaintiff has had no time in the library for various reasons," Plaintiff has filed another Motion for Extension of Deadline (Filing 19) requesting another 60 days to file an amended complaint. Because Plaintiff has already been granted one generous continuance, I will grant Plaintiff's request for another extension in part by granting him 30 additional days to file an amended complaint.

      Plaintiff also moves for a free copy of all filings on record in this case because it will take two weeks for "NDCS Central Office . . . to even write a check to the Court." (Filing 17.) "An IFP litigant is not entitled to free copies of documents that he submitted to the Court" or to additional copies of other documents generated by the court. *Duwenhoegger v. Miles*, No. 17-CV-1432, 2017 WL 2799155, at *1 (D. Minn. June 28, 2017); *see In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a) . . . does not give the litigant a right to have documents copied and returned to him at


government expense."); *Fiveash v. Tom Green Cty.*, 30 F.3d 1493 (5th Cir. 1994) (per curiam) (unpublished table decision) ("There is no provision in the statute which gives Fiveash the right to have his pleadings copied and returned to him at Government expense."); *Guinn v. Hoecker,* 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not. . . ."); *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)). If Plaintiff requires copies of court documents, he should contact the Clerk of the Court's office to determine the proper method of requesting and paying for copies. Plaintiff's Motion for a Free Copy of All Filings on Record (Filing 17) will be denied.

Finally, Plaintiff has filed a Motion for Recusal of Judge Richard Kopf (Filing 18) because I allegedly made an incorrect decision in one of Plaintiff's unrelated 2019 lawsuits in this court. Dissatisfaction with a judge's prior legal decision on the merits of a case constitutes grounds for appeal, not recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal."); *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) ("adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification"); *Buttercase v. Frakes*, No. 8:18-CV-131, 2019 WL 2513678, at *1 (D. Neb. June 18, 2019) ("Here, [Plaintiff's] accusations are premised entirely on unfavorable rulings in previous litigation, which are neither extrajudicial, nor indicative of bias."); 28 U.S.C. § 144 (upon showing by affidavit that presiding judge has personal bias or prejudice against affiant or in favor of adverse party, another judge shall be assigned to hear proceeding)[1]; 28 U.S.C. § 455 (grounds upon which judge should disqualify himself does not include making prior unrelated decisions that were adverse to party demanding recusal). Thus, Plaintiff's Motion for Recusal of Judge Richard Kopf (Filing 18) will be denied.

---

[1] Plaintiff has not filed an affidavit required by 28 U.S.C. § 144 showing that the judge at issue has a personal bias or prejudice.

IT IS ORDERED:

1. Plaintiff's "Motion for Extension of Deadline" (Filing 19) is granted in part;

2. Plaintiff's amended complaint shall be filed on or before January 16, 2023;

3. The Clerk of the Court shall amend the pro se case-management deadline regarding the filing of the amended complaint as follows: January 16, 2023—amended complaint due;

4. Plaintiff's Motion for a Free Copy of All Filings on Record (Filing 17) is denied; and

5. Plaintiff's Motion for Recusal of Judge Richard Kopf (Filing 18) is denied.

DATED this 17th day of November, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3