IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>   Plaintiff,<br><br>   vs.<br><br>CASE MANAGER RUSSELL VAN LANGEN, KEVIN KLIPPERT, UM; UNIT ADMINISTRATOR CURT WEESE, CPL. SARA KARAS, SGT. BLACK, and LT. HAYES,<br><br>   Defendants. | 8:22CV151<br><br>MEMORANDUM AND ORDER |

This matter is before the Court upon review of Plaintiff's Second Amended Complaint, Filing 40, and Motion to Change Venue, Filing 41. For the reasons explained below, Plaintiff's Motion to Change Venue is denied and this matter will proceed to service of process on one of Plaintiff's claims, while the other claim will be dismissed.

## I. BACKGROUND

Plaintiff is an inmate currently confined in the Reception and Treatment Center in Lincoln, Nebraska. Filing 40 at 2. Plaintiff filed the Complaint, Filing 1, in this case on April 18, 2022, when he was confined in the Omaha Correctional Center ("OCC"). Now-retired Senior United States District Judge Richard G. Kopf conducted an initial review (hereinafter "Initial Review Order") of the Complaint, incorporating the allegations of Plaintiff's Motion to Amend, Filing 8, and concluded the Complaint failed to state a claim upon which relief may be granted but gave Plaintiff leave to amend. Filing 11. Plaintiff filed his First Amended Complaint, Filing 23, on January 3, 2023,

followed by several motions to amend or supplement his pleading. Due to Judge Kopf's retirement, this matter was reassigned to Senior United States District Judge Joseph F. Bataillon, who conducted a review of the First Amended Complaint on September 11, 2023 (hereinafter "Second Review Order"). Filing 37. Judge Bataillon concluded Plaintiff had alleged a plausible Eighth Amendment claim against Defendants Case Manager Russell Van Lengen ("Van Lengen"), Unit Manager Kevin Klippert ("Klipper"), and Unit Administrator Curt Wees ("Wees")[1] in their individual capacities for failing to protect him from harm due to the delay in moving him to a different cell and the assault upon Plaintiff by his cellmate. However, before allowing the matter to proceed to service of process, Judge Bataillon gave Plaintiff an opportunity to file a second amended complaint to allege plausible claims for relief against specific, named defendants with respect to several claims alleged in Plaintiff's First Amended Complaint.

Plaintiff filed his Second Amended Complaint, Filing 40, on October 16, 2023. Subsequently on November 15, 2023, Plaintiff filed a Motion to Change Venue, Filing 41, based on his filing of a lawsuit against both Judge Kopf and Judge Bataillon. Judge Bataillon then recused himself from this case, and the matter was reassigned to the undersigned on November 27, 2023. The Court now conducts a review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A but first will address Plaintiff's Motion to Change Venue.

## II. MOTION TO CHANGE VENUE

Plaintiff asks that this "case be moved to a completely different circuit altogether" as "this is the only way to ensure . . . that he gets a fair, unbiased

---

[1] Plaintiff has used various spellings for this Defendant's name in his pleadings. However, "Curt Wees" appears to be the correct spelling based on the State of Nebraska's online employee directory records, and the Court will utilize this spelling throughout. *See* https://ne-phonebook.ne.gov/PhoneBook/welcome.xhtml.

2

and impartial hearing in a court of law." Filing 41. Plaintiff's basis for his motion is his pending suit against Judge Kopf and Judge Bataillon of this Court. *See* Filing 6, Case No. 8:23-CV-452.

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

(b) Venue in general.—A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff sues OCC staff members employed by the Nebraska Department of Correctional Services for claims arising out of Plaintiff's confinement in the OCC in Omaha, Nebraska. *See* Filing 40. Venue is clearly proper in the District of Nebraska as the defendants are located in this district and the events that are the subject of the Complaint occurred here. As such, the Court finds that a change in venue is not warranted.

To the extent Plaintiff's motion seeks to have his case considered by a different judge other than Judge Bataillon, such request is now moot as Judge Bataillon recused himself from this matter, as well as Plaintiff's other pending cases, because Plaintiff named Judge Bataillon as a defendant in Case No.

3

8:23CV452. *See* Filing 42. This matter has been reassigned to the undersigned and will proceed with the review of Plaintiff's Second Amended Complaint.

### III. SUMMARY OF SECOND AMENDED COMPLAINT

Before summarizing the Second Amended Complaint, the Court must first address Plaintiff's request "that the Court allow the timeline of events previously filed to be used for this amended filing also" because "[i]t's been over one year since the initial filing and that document would be the most accurate." Filing 40 at 14. Plaintiff also asks "for permission to use all documents previously provided in earlier filings" as many of the grievances and inmate interview requests ("IIR") Plaintiff submitted were his only original copies. Filing 40 at 18. Plaintiff made similar requests in his First Amended Complaint which Judge Bataillon granted to the extent he considered the First Amended Complaint as supplemental to the original Complaint, Filing 1; Filing 8, for purposes of the Second Review Order. Filing 37 at 8. Upon consideration and in the interests of justice, in assessing Plaintiff's claims here, the Court will consider the allegations of Plaintiff's previous pleadings to the extent they are relevant and treat the Second Amended Complaint as supplemental to the original Complaint, Filing 1; Filing 8, and First Amended Complaint, Filing 23, for purposes of this initial review. *See* NECivR 15.1(b) (Court may consider pro se litigants' amended pleadings as supplemental to, rather than as superseding, the original pleading).

In his Second Amended Complaint, Plaintiff sues six Defendants who all have been previously named in this suit—Van Lengen, Klippert, Wees, Lt. Hayes ("Hayes"), Sgt. Black ("Black"), and Cpl. Karas ("Karas") (collectively "Defendants")—for damages for alleged violations of Plaintiff's Eighth Amendment right against cruel and unusual punishment based on events occurring between November 2021 and December 2022 while Plaintiff was confined at the OCC.

4

Plaintiff alleges that from November 2021 to February 2022, Plaintiff's cellmates had engaged in threatening behavior towards him on account of his snoring. During this same time frame, Plaintiff asked Van Lengen, Klippert, and Wees several times to be moved to another cell or unit and "removed from the situation," but "[t]hese defendants did not exercise or try to help in any and ALL ways." Filing 40 at 17; *see also* Filing 40 at 15. Rather, they offered Plaintiff the option of protective custody, and Plaintiff considered their "[r]eliance on only protective custody [as] inexcusable." Filing 40 at 17. On February 10, 2022, Plaintiff's cellmate assaulted Plaintiff resulting in a cut under his left eye and bruising that lasted several days. "In addition to the physical injuries to his eye, the Plaintiff was diagnosed with post traumatic stress disorder (PTSD)," for which he took medication for approximately one year. Filing 40 at 15. Plaintiff raised this same claim against Van Lengen, Klippert, and Wees in his original Complaint, Filing 1; Filing 8, and the Court incorporates the summary of this claim from the Initial Review Order here. Filing 11 at 1–3.

Plaintiff next alleges claims against Hayes, Black, and Karas based on his confinement in the Restrictive Housing Unit at OCC from December 10 to 11, 2022. Hayes, Black, and Karas placed Plaintiff in "a restrictive cell" without "running water, no bedding, and Plaintiff was only allowed to wear 'paper' boxers." Filing 40 at 15. Plaintiff alleges that "[a]fter being in restrictive housing for approximately a month already, [he] found this further restriction to be intolerable and on December 11, 2023, he attempted suicide. . . . by strangulation." Filing 40 at 15–16. Plaintiff claims his attempted suicide "was the result of (or should be considered) malicious behavior on the part of [Hayes, Black, and Karas]" because Plaintiff "was in restrictive housing already and had done absolutely NOTHING . . . to warrant such punishment." Filing 40 at

5

17 (emphasis in original). Plaintiff further alleges "the cell that Plaintiff was placed in was supposedly searched and secure of any contraband, yet there was a small ball of thread that he was able to use to make a small rope left in there by OCC staff." Filing 40 at 17. Plaintiff also raised this claim against Hayes, Black, and Karas in his First Amended Complaint, Filing 23 at 16–17, and the Court incorporates the summary of this claim from the Second Review Order here. Filing 37 at 13.

## IV. LEGAL STANDARDS ON INITIAL REVIEW

The Court conducts this review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants

are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## V. DISCUSSION

### A. Claim Against Van Lengen, Klippert, and Wees

As indicated above, Plaintiff raises the same claim in his Second Amended Complaint against Van Lengen, Klippert, and Wees in their individual capacities that he raised in his original Complaint: an Eighth Amendment claim based on the delay in moving Plaintiff to a different cell. In both the Initial Review Order and the Second Review Order, the Court

> determined that Plaintiff could proceed under the Eighth Amendment on this claim if he sued Van Lengen, Klippert, and Wees "in their individual capacities in an amended complaint, and assuming that such Defendants are alleged to have had some power over Plaintiff's cell assignment," because, liberally construed, "Plaintiff alleges that his cellmates threatened him, he alerted Defendants Van[ L]engen, Klippert, and Wees of the potential danger, his cellmates carried through with their threats by assaulting him, and it took several months before Plaintiff was moved to a different cell."

Filing 37 at 15–16 (quoting Filing 11 at 9–10).

Plaintiff specified in his Second Amended Complaint that he is suing Van Lengen, Klippert, and Wees in their individual capacities. Filing 40 at 2–3. Treating the Second Amended Complaint as supplemental to the original Complaint, and in light of the liberal construction afforded to pro se pleadings

7

and the Court's previous determinations, the Court finds that Plaintiff has sufficiently stated an Eighth Amendment claim against Van Lengen, Klippert, and Wees because they "allegedly knew that Plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable measures to abate it." Filing 11 at 10 (citing *Walton v. Dawson*, 752 F.3d 1109, 1119–20 (8th Cir. 2014)). This claim will, therefore, proceed to service of process.

**B. Claim Against Hayes, Black, and Karas**

As in his First Amended Complaint, Plaintiff seeks to assert Eighth Amendment claims against Hayes, Black, and Karas based on the conditions of his confinement in the "restrictive cell" from December 10 to 11, 2022, and their alleged failure to properly secure his cell and protect him from attempting suicide. *See* Filing 23 at 16–17; Filing 40 at 15–17. Plaintiff specifically alleges that Hayes is sued in his individual capacity, Filing 40 at 3, but Plaintiff does not specify in what capacity Black and Karas are being sued, Filing 40 at 12. Even if the Court were to assume that Black and Karas are sued in their individual capacity, the Court finds that the Second Amended Complaint suffers from the same defects as the First Amended Complaint and fails to state a plausible claim for relief against Hayes, Black, and Karas.

With respect to Plaintiff's conditions-of-confinement claim regarding the "restrictive cell," the Court concluded in the Second Review Order that:

> Plaintiff's allegations are insufficient to state due process and Eighth Amendment claims based on the conditions he experienced while on restriction protocol. Plaintiff alleges he was only under the restriction protocol for two days, and while he alleges the water to his cell was shut off and he had no flushing toilet, he does not allege that he was denied drinking water as well.

Filing 37 at 25–26 (citing *Waller v. Rice*, No. 1:15-CV-01010, 2018 WL 1092346, at *6 (W.D. Ark. Feb. 27, 2018) ("Access to a sufficient quality and quantity of

8

water for drinking and basic personal hygiene is, of course, a minimal life necessity, but nothing in the Constitution requires that the water must be available on demand." (citing cases))).

Plaintiff's Second Amended Complaint similarly does not allege that Plaintiff was denied drinking water or that he was deprived of the minimal civilized measure of life's necessities for the two days he spent in the restrictive cell. See *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (holding that thirty-seven days of punitive isolation did not violate the Eighth Amendment); *Smith v. Copeland*, 892 F. Supp. 1218, 1230 (E.D. Mo. Apr. 25, 1995) (turning off water in a cell except for brief periods to flush the toilet, and providing drinking water with each meal did "not deprive plaintiff of minimally necessary drinking water or hygienic requirements") *aff'd*, 87 F.3d 265 (8th Cir. 1996). Accordingly, the Court will dismiss Plaintiff's condition-of-confinements claim for failure to state a claim upon which relief may be granted.

Regarding Plaintiff's claim based on his attempted suicide, the Court's Second Review Order found that Plaintiff had "alleged a plausible Eighth Amendment claim for deliberate indifference to his serious medical needs related to his attempted suicide" but had failed to allege "facts demonstrating any individual Defendant's personal involvement in the alleged constitutional violation . . . [or] facts from which it can be determined who the individual staff member was that allegedly failed to properly secure his cell." Filing 37 at 27.

Here, Plaintiff only alleges Hayes, Black, and Karas placed him in the restrictive cell for "nothing," Filing 40 at 17, though Plaintiff alleged in his First Amended Complaint that he was placed in the restrictive cell for insulting a staff member, Filing 23 at 16. Plaintiff again fails to allege any facts showing that Hayes, Black, and Karas were personally responsible for failing

9

to secure his cell by either placing or failing to remove the "small ball of thread" that Plaintiff alleges was "left in there by OCC staff." Filing 40 at 17. As such, Plaintiff fails to state a plausible Eighth Amendment claim against Hayes, Black, and Karas for the same reasons identified in the Second Review Order, and this claim will be dismissed.

## IV. CONCLUSION

Plaintiff has alleged a plausible Eighth Amendment claim against Defendants Van Lengen, Klippert, and Wees in their individual capacities for failing to protect him from harm due to the delay in moving him to a different cell. However, the Court again cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint and Second Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. This matter will proceed to service of process against Van Lengen, Klippert, and Wees. However, Plaintiff's claims against Hayes, Black, and Karas will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. The Court considers the Second Amended Complaint, Filing 40, as supplemental to the original Complaint, Filing 1; Filing 8.

2. Plaintiff's claims against Defendants Lt. Hayes, Sgt. Black, and Cpl. Sara Karas are dismissed without prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to remove these Defendants as parties to this action.

3. For purposes of initial review, Plaintiff has stated a plausible Eighth Amendment claim against Defendants Case Manager Russell Van Langen, Unit Manager Kevin Klippert, and Unit Administrator Curt Wees.

4. For service of process on Defendants Russell Van Langen, Kevin Klippert, and Curt Wees, in their individual capacities, the Clerk of the Court is directed to complete two sets of summons and USM-285 forms for each Defendant. The service address for the first set of forms is:

> Office of the Nebraska Attorney General
> 2115 State Capitol
> Lincoln, NE 68509.

The service address for the second set of forms for Defendant Russell Van Langen is:

> Nebraska Department of Correctional Services
> Reception and Treatment Center
> PO Box 22800
> Lincoln, NE 68542-2800.

The service address for the second set of forms for Defendants Kevin Klippert and Curt Wees is:

> Nebraska Department of Correctional Services
> Omaha Correctional Center
> PO Box 11099
> Omaha, NE 68110-2766.

5. The Clerk of the Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint, Filing 1; Filing 8, the Second Amended Complaint, Filing 40, the Court's Initial Review Order, Filing 11, the Second Review Order, Filing 37, and this Memorandum and Order to the United States Marshals Service.

6. The Marshals Service shall serve Defendants Russell Van Langen, Kevin Klippert, and Curt Wees, in their individual capacities by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the

office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

7. The Marshals Service shall also serve Defendants Russell Van Langen, Kevin Klippert, and Curt Wees by certified mail or other authorized method of service at the Nebraska Department of Correctional Services' addresses shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

8. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[2]

9. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

10. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

11. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: November 27, 2024: service of process to be completed.

12. The Clerk of the Court is further directed to update the caption to reflect the correct spelling of Defendant Curt Wees' last name as "Wees."

13. Plaintiff's Motion to Change Venue, Filing 41, is denied.

Dated this 30th day of August, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

13