IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>RUSSELL VAN LANGEN, Case Manager; KEVIN KLIPPERT, Unit Manager; and CURT WEES, Unit Administrator;<br><br>Defendants. | **8:22CV151**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion seeking the appointment of counsel. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This is a relatively straightforward failure-to-protect case, for which there is ample legal authority. The facts are also uncomplicated and should be readily discoverable. Plaintiff has demonstrated an ability to present his claims, at least through the initial stage of the litigation. Plaintiff's pro se

filings are generally well-written, and he has complied with the Court's directives. Although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and Defendant's version of events, as well as a credibility assessment of witnesses if the case proceeds to trial, it has not yet progressed to that stage. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 F. App'x at 5 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

Dated this 26th day of June, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge